# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

————————————————

№ 26-CV-04561 (RER)

————————————————

MAYKOR JOSE GONZALEZ OLIVIER

VERSUS

MARKWAYNE MULLIN; DAVID J. VENTURELLA; KENNETH GENALO; TODD BLANCHE;
AND RAUL MALDONADO, JR.

————————————————

**MEMORANDUM & ORDER**

————————————————

**RAMÓN E. REYES, JR., District Judge:**

Petitioner Maykor Jose Gonzalez Olivier ("Petitioner" or "Gonzalez Olivier") has petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1 ("Pet."); *see also* ECF Nos. 13 ("Gov't Opp'n") and 15 ("Pet. Reply")). The Court previously issued an Order granting the petition and ordering Gonzalez Oliver's immediate release, promising a written decision to follow. (ECF No. 16). This is that written decision.

## BACKGROUND

Gonzalez Olivier is a citizen of Venezuela who arrived in the United States at the Brownsville Port of Entry in Texas on November 3, 2023, after booking an appointment on the CBPOne Application. (Gov't Opp'n at 1). He was served with a Notice to Appear that charged him as inadmissible under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(7)(A)(i)(I), and paroled into the country INA § 1182(d)(5)(A). (*Id.*; ECF 13-1 ("Decl.") ¶ 3). He was paroled until November 3, 2025. (Gov't Opp'n at 1). Gonzalez Olivier filed a *pro se* application for asylum. (*Id.*)

On November 13, 2025, ICE officers arrested Petitioner on a November 12, 2025 Form I-200 Warrant for Arrest of Alien when he appeared *pro se* for a master calendar hearing in immigration court. (*Id.* at 2; ECF No. 13-6 ("Warrant")). The ICE officers brought Petitioner to 26 Federal Plaza for processing, served him with various documents, and detained him pursuant to 8 U.S.C. § 1225(b)(2)(A) ("section 1225"), not 8 U.S.C. § 1226(a) ("section 1226"). (Gov't Opp'n at 2). Petitioner did not receive an individualized custody determination. (Pet. Reply ¶ 2). On November 14, 2025, Petitioner was transferred to the Metropolitan Detention Center ("MDC") in Brooklyn, where he remains to date. (Gov't Opp'n at 2). On December 16, 2025, an immigration judge ordered Petitioner removed to Ecuador and, in the alternative, to Venezuela. (*Id.*) Petitioner, through counsel, timely filed a notice of appeal and brief with the Board of Immigration Appeals ("BIA"), which remains pending. (*Id.*)

On July 28, 2026, Gonzalez Olivier filed the petition. (*See generally* Pet.).

## DISCUSSION

In short, if section 1225 applies, then Petitioner must be detained during his removal proceedings without an opportunity for release on bond. *Barbosa da Cunha v. Freden*, 175 F.4th 61, 70–71 (2d Cir. 2026). If, however, section 1226 applies, then Petitioner is eligible for release on bond. *Id.* at 70. Before the government may exercise its discretion to detain a person, however, "Section 1226(a) and 8 C.F.R. 1236.1(c)(8) require ICE officials to make an individualized custody determination." *Arango v. Genalo*, No. 25-CV-6720 (RER), 2025 WL 3637500, at *2 (E.D.N.Y. Dec. 16, 2025) (citing *Gopie v. Lyons*, No. 25-CV-05229 (SJB), 2025 WL 3167130, at *2 (E.D.N.Y. Nov. 13, 2025). "ICE must allow the noncitizen to demonstrate to the satisfaction of the officer

2

that . . . release would not pose a danger to property or persons, and that the noncitizen is likely to appear for any future proceeding." *Kelly v. Almodovar*, No. 25 Civ. 6448 (AT), 2025 WL 2381591, at *3 (S.D.N.Y. Aug. 15, 2025) (citation and brackets omitted).

The government seeks to justify Petitioner's detention under section 1225 which requires mandatory detention for certain noncitizens. (Gov't Opp'n at 2–4). Petitioner argues that he is not subject to section 1225 mandatory detention, and that the Court should *not* follow the minority position in *Rana v. Genalo*, No. 26 Civ. 849 (JPC), 2026 WL 1863815 (S.D.N.Y. June 29, 2026). (Pet. Reply ¶¶ 4–15). Instead, Petitioner contends the Court should reject Respondents' arguments and follow the numerous district courts which have held that section 1226 governs detention of petitioners in his situation, and that ICE violated his constitutional rights when they failed to make an individualized determination before detaining him. (*Id.* ¶¶ 16–20). The Court agrees with Petitioner.

Petitioner has continuously resided in the country since November 2023 and is in active asylum proceedings. When his parole expired on November 3, 2025, and ICE subsequently arrested him, he should have been detained pursuant to section 1226, not section 1225. *See Qasemi v. Francis*, No. 25 Civ. 10029 (LJL), 2025 WL 3654098, at *11 (S.D.N.Y. Dec. 17, 2025) (collecting cases) ("[T]he termination by expiration of [Gonzalez Olivier]'s parole returned him to the 'custody' of DHS pursuant to the INA. Because he was paroled, and because he is not an arriving alien, he is no longer subject to the mandatory detention provision of Section 1225(b)(1). The outcome of this textual analysis is ultimately simple: absent ongoing parole status, Section 1182 mandates that [Gonzalez Olivier] be treated just as the INA would treat any noncitizen previously granted parole and living in the United States."*); see also Hernandez Villasmil v. Blanche*, No. 9:26-CV-

713 (MAD), 2026 WL 1235068, at *4 (N.D.N.Y. May 5, 2026) (collecting cases) ("The majority of federal district courts addressing the issue have concluded . . . that the mandate in 8 U.S.C. § 1182(d)(5)(A), which requires a noncitizen to 'be returned to the custody from which he was paroled' 'when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served,' requires the petitioner to 'be treated just as the INA would treat any noncitizen previously granted parole and living in the United States.'").

Accordingly, Respondents violated Petitioner's due process rights when ICE detained him without first making an individualized determination as to his dangerousness and flight risk. "[B]ecause the Government (incorrectly) contends that [Gonzalez Olivier]'s detention is mandatory, it has made little effort to show that it exercised any discretion when deciding whether [Gonzalez Olivier] should be detained." *J.H.F. v. Arteta*, No. 26 Civ. 4076 (AT), 2026 WL 1724066, at *7 (S.D.N.Y. June 14, 2026) (quoting *Salgado v. Francis*, No. 25-CV-6524 (VEC), 2026 WL 915304, at *7 (S.D.N.Y. Apr. 3, 2026). The government does not argue that ICE made an individualized custody determination prior to or contemporaneously with Gonzalez Olivier's arrest but, rather, contends that it need not make a custody determination because Gonzalez Olivier's detention is mandatory. (*See generally* Gov't Opp'n). The Court rejects this argument. "Because [Gonzalez Olivier] was detained without the government 'first conducting an individualized assessment as to his dangerousness or flight risk, or any kind of process at all sufficient to qualify as a valid exercise of discretion,' his detention violates his Fifth Amendment due process right, and his release is required." *J.H.F.*, 2026 WL 1724066, at *7 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025)).

## CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus (ECF No. 1), is GRANTED; and it is further

**ORDERED** that Petitioner shall be immediately released from custody; and it is further

**ORDERED** that Respondents shall certify compliance with the Court's order regarding Petitioner's release no later than Thursday, August 13, 2026, at 12:00 P.M.; and it is further

**ORDERED** that having considered the particular circumstances of this case and *Mathews v. Eldridge*, 424 U.S. 319 (1976), Petitioner Maykor Jose Gonzalez Olivier shall not be re-detained without adequate notice to Petitioner and without an opportunity to be heard at a hearing where the Government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a) and the burden to demonstrate by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk; and it is further

**ORDERED** that pending the issuance of any final removal order against Petitioner Maykor Jose Gonzalez Olivier, Respondents are also enjoined from denying him bond in any subsequent proceeding on the basis that he must be detained pursuant to 8 U.S.C. § 1225(b), absent a change in relevant circumstances, consistent with this Order; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment in Petitioner's favor and close this case.

SO ORDERED.


<u>/s/ Ramón E. Reyes, Jr.</u>

RAMÓN E. REYES, JR.
United States District Judge

Dated: August 13, 2026
      Brooklyn, New York